# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CARLOS R. BLUE,               )
                                 )
          Plaintiff,         )
                                 )
       v.                 )          No. 4:21-cv-00689-SRW
                                 )
DEPARTMENT OF CORRECTIONS/    )
CORIZON STAFF,           )
                                 )
         Defendant.       )

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter comes before the Court on review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss plaintiff's official capacity claims, as well as the individual capacity claim against the X-ray Nurse. However, the Court will direct the Clerk of Court to issue process on Dr. Tippen in an individual capacity as to plaintiff's claim of deliberate indifference to his medical needs.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. On June 14, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, naming the Missouri Department of Corrections and Corizon Staff as defendants. (Docket No. 1). Plaintiff alleged that defendants had been deliberately indifferent to his medical needs. Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

On November 1, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis, and assessed an initial partial filing fee. (Docket No. 8). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Following that review, the Court determined that plaintiff's complaint was subject to dismissal. Specifically, the Court explained that plaintiff's claim against the Missouri Department of Corrections was barred by sovereign immunity. Meanwhile, his claim against Corizon Staff failed because he had not indicated the capacity in which the only identified staff member – Dr. Tippen – was being sued. Since plaintiff had not asserted Dr. Tippen's capacity, the Court had to treat the claim as being asserted in an official capacity only. The Court explained that an official capacity claim against an individual was treated as a claim against that individual's employer. However, plaintiff had not presented facts showing that Corizon – Dr. Tippen's employer – was liable for harming him due to an unconstitutional policy, custom, or official action.

Rather than dismissing plaintiff's case, the Court directed him to file an amended complaint. The Clerk of Court sent him a copy of the Court's prisoner civil rights complaint form, and the Court provided instructions on how to properly amend. Plaintiff was given thirty days in which to comply. He timely filed his amended complaint on November 12, 2021. (Docket No. 9).

### The Amended Complaint

Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983, and identifies Dr. Tippen and an unnamed X-ray Nurse as defendants. (Docket No. 9 at 2-3). They are sued in both their official and individual capacities.

In the "Statement of Claim," plaintiff asserts that he injured his right knee in 2013 or 2014 while playing basketball. (Docket No. 9 at 4, 11). The injury occurred while plaintiff was an inmate at the Southeast Correctional Center (SECC). (Docket No. 9 at 4). As a result of this injury,

plaintiff asserts that he suffered "crushed cartilage or a torn tendon." Due to this injury, plaintiff

states that his "right knee keeps slipping" and that he has not "received proper medical attention."

At some point subsequent to his original knee injury, plaintiff's knee slipped, causing him to fall

"on his locker" and tear "tendons in [his] right hand." (Docket No. 9 at 4, 11).

In 2020, while plaintiff was still at SECC, he states that he saw an X-ray Nurse for his right

knee and right hand injuries. (Docket No. 9 at 3). The X-ray nurse called for Dr. Tippen to look at

the resulting x-rays. Plaintiff alleges that he overheard Dr. Tippen tell the X-ray Nurse: "We don't

do that here. He'll need surgery and [physical] therapy. And he'll just injure his self again."

(Docket No. 9 at 3-4, 12). Despite the acknowledgment of plaintiff's injuries, Dr. Tippen

purportedly told plaintiff that Tippen did not "believe anything is wrong with" him. (Docket No.

9 at 4).

According to plaintiff, he asked both the X-ray Nurse and Dr. Tippen to see his x-rays, but

was refused. (Docket No. 9 at 3-4). He further alleges that both the X-ray Nurse and Dr. Tippen

caused him pain and suffering "by lying to [him] by downplaying [his symptoms] and not allowing

[him] to be seen by a specialist." (Docket No. 9 at 14). In addition, plaintiff accuses the X-ray

Nurse of doing "nothing," even though plaintiff needed surgery, and of violating his rights by

allowing him "to continue to suffer without reporting [his] issues to somebody else so [he] could

receive proper help." (Docket No. 9 at 13).

As a consequence of the foregoing facts, plaintiff asks the Court for an order allowing him

to be seen by a specialist. (Docket No. 1 at 5). He also seeks to have Dr. Tippen and the X-ray

Nurse fired, to have them lose their licenses, and for $1.5 million in damages.

## Discussion

Plaintiff is a self-represented litigant who brings this amended complaint pursuant to 42 U.S.C. § 1983, alleging that Dr. Tippen and an X-ray Nurse were deliberately indifferent to his medical needs. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss plaintiff's official capacity claims, as well as the individual capacity claim against the X-ray Nurse. However, the Court will direct the Clerk of Court to issue process on Dr. Tippen in an individual capacity.

### A. Official Capacity Claims

Plaintiff has sued both Dr. Tippen and the X-ray Nurse in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8ᵗʰ Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8ᵗʰ Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8ᵗʰ Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8ᵗʰ Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8ᵗʰ Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

In this case, both Dr. Tippen and the X-ray Nurse are alleged to be employed by Corizon. As such, the official capacity claims against them are treated as claims against Corizon itself, their employer. To prevail, plaintiff must demonstrate Corizon's liability.

Corizon is a private corporation contracted by the Missouri Department of Corrections to provide medical care to inmates. "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

In this case, plaintiff has accused Dr. Tippen and the X-ray Nurse of denying him proper medical attention. More specifically, plaintiff alleges that he overheard Dr. Tippen tell the X-ray Nurse that plaintiff needed surgery, but told plaintiff directly that nothing was wrong with him. He further asserts that Dr. Tippen lied to him, downplayed his injuries, and refused to allow him to see a specialist. With regard to the X-ray Nurse, plaintiff states that the nurse "knew [he] needed surgery" but "did nothing about it," allowed him to suffer by not "reporting [his] issues to somebody else," and refused to allow him to look at his x-rays.

These facts are directed at the actions of the two individuals named as defendants. There is nothing to indicate that those actions were dictated by a Corizon policy, custom, or official action. That is to say, plaintiff has not presented any facts alleging that Corizon has an official policy of not providing surgeries to inmates in plaintiff's situation, or of refusing to allow inmates to see outside specialists. Likewise, he has not established that Corizon had an unofficial custom of refusing to provide surgeries or denying access to specialists, and that this had happened to other inmates. Finally, plaintiff has not alleged that anything that happened to him was the result of an action by those who represent official Corizon policy.

Beyond plaintiff's failure to provide any direct facts, he has also not provided any facts from which the Court can draw the inference that he was harmed by a Corizon policy, custom, or official action. The Court additionally notes that Corizon cannot be held liable simply because it employs defendants.

For these reasons, the official capacity claims against Dr. Tippen and the X-ray Nurse must be dismissed.

## B. Individual Capacity Claims

Plaintiff has also sued Dr. Tippen and the X-ray Nurse in their individual capacities, alleging deliberate indifference to his medical needs. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that

need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). A plaintiff attempting to claim deliberate indifference must establish both the objective and subjective components. *See Thompson v. King*, 730 F.3d 742, 746 (8th Cir. 2013). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). *See also Davis v. Buchanan County, Missouri*, 11 F.4th 604, 624 (8th Cir. 2021).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). *See also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health"). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

### i.      X-ray Nurse

Plaintiff alleges that the X-ray Nurse "knew [he] needed surgery and did nothing about it," allowed him to "continue to suffer without reporting [his] issues," would not let him see his x-rays, and lied to him about his condition. These allegations are insufficient to state a deliberate indifference claim.

To begin, plaintiff states that the X-ray Nurse "knew [he] needed surgery and did nothing about it," but provides no factual support for this proposition. For example, he does not allege that the X-ray Nurse had the expertise to read an x-ray and make the determination that surgery was required. Plaintiff also does not establish that the X-ray Nurse had the authority to order such a surgery, or that she was otherwise able to override Dr. Tippen's medical decision.

With regard to plaintiff's assertion that the X-ray Nurse allowed him to "continue to suffer," there is no indication that the X-ray Nurse knew that plaintiff was suffering, or that she had any further interaction with him other than that described in the complaint. That is, plaintiff appears to describe a single incident in 2020, and there is no allegation that the X-ray Nurse personally knew about plaintiff's past issues, or that he was in continuing pain. Certainly, plaintiff does not expressly state that he told her he was suffering, or that he asked her to report this to someone other than Dr. Tippen. Regarding the claim that the X-ray Nurse refused to allow him to view the x-rays, plaintiff does not allege that he was entitled to view them, that the X-ray Nurse had the authority to allow him to view them, or why his inability to view them violated a constitutional right or constituted deliberate indifference.

Finally, plaintiff does not support his conclusion that the X-ray Nurse lied to him. While he specifically notes that Dr. Tippen told plaintiff that nothing was wrong – even though Dr. Tippen earlier stated that plaintiff needed surgery – there is no such allegation as to the X-ray Nurse. In other words, plaintiff never accuses the X-ray Nurse of telling him that nothing was wrong with him, or contends that it would have been her responsibility to explain the x-ray results, rather than Dr. Tippen.

As noted above, to assert deliberate indifference, plaintiff must allege that the X-ray Nurse's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to

provide essential care." *See Jackson*, 756 F.3d at 1066. He has not done that with regard to the X-ray Nurse. Instead, his allegations against the X-ray Nurse show only that she took an x-ray and showed it to Dr. Tippen. It was Dr. Tippen – according to the facts presented – who then made the judgment that plaintiff would not receive surgery. Clearly, plaintiff expected the X-ray Nurse to do more, but there are no facts establishing that she was required to do more, that she had the medical knowledge to do more, or even that she refused a request by plaintiff to do more. Therefore, the individual capacity claim against the X-ray Nurse must be dismissed.

**ii.    Dr. Tippen**

With regard to Dr. Tippen, plaintiff alleges that Dr. Tippen downplayed his symptoms, would not let him be seen by a specialist, lied to him, and denied him proper medical attention. These allegations are sufficient for purposes of 28 U.S.C. § 1915 review.

As already noted, deliberate indifference can include the intentional denial or delay of access to medical care. *See Davis*, 11 F.4th at 624. It requires a medical provider's actions to be "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *See Jackson*, 756 F.3d at 1066. In this case, plaintiff alleges that an x-ray was done on his knee, that Dr. Tippen looked at that x-ray, and that based on his review, determined that plaintiff needed surgery and physical therapy. Rather than ordering that, however, Dr. Tippen purportedly told a nurse that plaintiff would "just injure [himself] again." Then, when Dr. Tippen met with plaintiff, Dr. Tippen told plaintiff that Dr. Tippen did not "believe anything [was] wrong with [him]." Plaintiff requested an MRI, but Dr. Tippen apparently refused this request.

The Court must accept these factual allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019).

Therefore, the Court will direct the Clerk of Court to issue process on Dr. Tippen in Dr. Tippen's individual capacity as to plaintiff's claim of deliberate indifference to his medical needs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's claim against the X-ray Nurse is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on Dr. Tippen in Dr. Tippen's individual capacity with regard to plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs. Defendant shall be served in accordance with the waiver agreement this Court maintains with Corizon.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 3rd day of December, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

11