UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS R. BLUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00689-SRC |
| | ) | |
| DR. TIPPEN, | ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum and Order

This matter comes before the Court on plaintiff Carlos R. Blue's third motion for appointment of counsel.  Doc. 24.  As the Court previously explained, Doc. 21, in civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Plaintiff has demonstrated, so far, that he can adequately present his claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear to be complex.  The Court will entertain future motions for appointment of counsel as the case

progresses.

Accordingly, the Court denies without prejudice plaintiff's [24] Motion to Appoint

Counsel.

So Ordered this 12th day of May 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE